IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STRYK GROUP USA LLC

    Plaintiff,

v.

RONALD JACOB HERMAN

    Defendant.

No.

JURY TRIAL DEMANDED

**DEFENDANT RONALD JACOB HERMAN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Ronald Jacob Herman files the following Answer, Affirmative Defenses, and Counterclaim to Plaintiff Stryk Group USA LLC's Complaint:

**Parties**

1. Admitted.

2. Admitted.

**Jurisdiction and Venue**

3. Paragraph 3 contains an no averment to which a responsive pleading is required.

4. Denied. Paragraph 4 is denied as a conclusion of law.

5. Denied. Paragraph 5 is denied as a conclusion of law.

**Factual Background**

6. Paragraph 6 contains an no averment to which a responsive pleading is required.

7. Admitted.

8. Admitted.

9. Denied. It is denied that Herman conducted himself in a way contradictory to the best interest of Stryk. Paragraph 9 is also denied as a conclusion of law.

10. Admitted in part, denied in part. It is admitted that Herman signed the referenced Release of Equity. All other averments are denied as the document speaks for itself and the averments are conclusions of law.

11. Admitted in part, denied in part. It is admitted that Herman signed the referenced Separation Agreement and Waiver and Release of All Claims ("Separation Agreement"). All other averments are denied as the document speaks for itself and the averments are conclusions of law.

12. Admitted in part, denied in part. It is admitted that Plaintiff has accurately quoted a portion of the Separation Agreement. All other averments are denied as conclusions of law.

13. Admitted in part, denied in part. It is admitted that Plaintiff agreed to pay Herman $10,000.00 per month for six months and $500.00 per month for health insurance for six months. All other averments are denied as conclusions of law.

14. Denied. Denied as a factual matter. Paragraph 14 is also denied as a conclusion of law.

15. Admitted in part, denied in part. It is admitted that Stryk claimed that there was a violation of the Separation Agreement and Herman stated, "I'll refrain from any introduction without clearing it with you." All other averments, including that Herman violated the Separation Agreement, are denied as conclusions of law.

16. Admitted in part, denied in part. It is admitted that the referenced notice was provided to Herman. Any other averments are denied.

17. Admitted in part, denied in part. It is admitted that Stryk stated as quoted. Paragraph 18 is also denied as a conclusion of law.

18. Denied. Paragraph 18 is denied as a conclusion of law.

19. Denied. To the contrary, Herman is aware that Stryk has refused to do business with Blackwater.

20. Denied. To the contrary, Herman is aware that Stryk has refused to do business with Blackwater. Paragraph 20 is also denied as it contains factual averments to which Herman has no knowledge, and proof thereof is demanded.

21. Denied. To the contrary, Herman is aware that Stryk refused to do business with Blackwater. Paragraph 21 is also denied as a conclusion of law.

22. Admitted.

23. Denied. Paragraph 23 is denied as it contains factual averments that are not accurate. Paragraph 23 is also denied as a conclusion of law.

24. Paragraph 24 is also denied as it contains factual averments that are not accurate. Paragraph 24 is also denied as a conclusion of law.

25. Denied. Paragraph 25 is denied as a conclusion of law.

## COUNT I- BREACH OF CONTRACT

26. Paragraph 26 contains an no averment to which a responsive pleading is required.

27. Admitted in part, denied in part. It is admitted that Plaintiff has accurately quoted a portion of the Separation Agreement. All other averments are denied as conclusions of law.

28. Denied. Stryk has only paid Herman $40,000.00. Paragraph 28 is also denied as a conclusion of law.

29. Denied. Paragraph 29 is denied as a factual matter. Paragraph 29 is also denied as Exhibit D does not pertain to Plaintiff's averment.

30. Denied. Paragraph 30 is denied as a factual matter. Paragraph 30 is also denied as a conclusion of law.

31.Denied. Paragraph 31 is denied as a factual matter. Paragraph 31 is also denied as a conclusion of law.

32.Denied. Paragraph 32 is denied as a factual matter. Paragraph 32 is also denied as a conclusion of law.

WHEREFORE, Defendant Ronald Jacob Herman respectfully requests that the Court enter judgment in his favor, and against Plaintiff Stryk Group USA LLC, together with costs, and all other relief as the Court shall deems appropriate.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Ronald Jacob Herman asserts the following affirmative defense:

1.Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

3.Defendant did not violate any duty to or right of Plaintiff.

4.If Plaintiff suffered any damages or losses, such were caused, in whole or in part, by Plaintiff's own conduct, acts or omissions.

5.Plaintiff's claims are barred because of Plaintiff's failure to mitigate any alleged damages, if any.

6.Defendant acted at all times in good faith.

7.Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

8.Plaintiff's claims fail due to lack of consideration.

9.Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the

right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings.

## COUNTERCLAIM

Ronald Jacob Herman v. Stryk Group USA LLC

Counterclaim Plaintiff Ronald Jacob Herman files the following Counterclaim against Counterclaim Defendant Stryk Group USA LLC for breach of contract, and in support thereof avers as follows:

### Nature of Claim

1. Counterclaim Plaintiff Ronald Jacob Herman ("Herman") files this Counterclaim for breach of contract under the common law of the Commonwealth of Pennsylvania.

### Jurisdiction and Venue

2. This Court has jurisdiction over the Counterclaim pursuant to Fed. R. Civ. P. 13(a)(1)(A) in that it is a compulsory counterclaim against Defendant Stryk Group USA LLC ("Stryk") that arises out of the transaction or occurrence that is the subject matter of Stryk's Complaint against Herman.

### Factual Background

3. On February 15, 2021, Stryk and Herman executed the Separation Agreement and Waiver and Release of All Claims ("Agreement")(*See* Exhibit "1").

4. In pertinent part, the Agreement provides:

> 2. Ronald Herman understands and acknowledges that his involvement with Stryk Group USA will end effective February 12. 2021. Stryk Group USA will pay Ronald Herman all accrued but not yet paid salary through the date of termination, minus any federal or state deductions. Stryk Group USA's payment of the amounts described in this paragraph shall be paid to Ronald Herman regardless of Ronald Herman's execution of this Agreement. Ronald Herman acknowledges that he has

>reported all workplace injuries and illnesses to Stryk Group USA and that he has been given all the leave to which he is entitled under the law.
>
>4.     In exchange for the waiver and release of all claims set forth below and the other promises and representations made by Ronald Herman in this Agreement, Stryk Group USA will (1) pay Ronald Herman $10,000 per month, less all applicable federal and state deductions, and (2) reimburse Ronald Herman up to $500 for health insurance premiums, for an initial term of six (6) months beginning March 1, 2021. This agreement shall automatically renew for additional six (6) month terms unless terminated by either party by written notice no less than 30 days prior to the termination of the current term. Payment of this amount shall be made on normal payroll dates. Ronald Herman expressly recognizes the sufficiency of all the consideration described above.
>
>5.     Ronald Herman understands and agrees that Stryk Group USA will withhold all standard deductions (to the extent applicable) from the amounts described in paragraphs 2 and 4. Ronald Herman understands and agrees that he retains full and complete responsibility for any taxes, penalties, and assessments of any kind which may become due in connection with any payment referred to in this Agreement.

5. At all times Herman fulfilled his duties under the terms of the Separation Agreement.

6. Stryk has failed to pay Herman $20,000.00 of the $60,000.00 ("Severance") due under the Separation Agreement.

7. Stryk has failed to reimburse Herman $3,000.00 in reimbursements for health insurance premiums ("Health Reimbursement") due under the Separation Agreement.

8. Stryk has failed to withhold all standard deductions from the amounts described in paragraphs 2 and 4 of the Separation Agreement.

9. Stryk's failure to pay the Severance and Health Reimbursement violates the terms of the Separation Agreement.

## COUNT I

### BREACH OF CONTRACT

10. Paragraphs 1 through 9 are incorporated herein as though set forth in full.

11. Herman and Stryk entered into the Separation Agreement which constitutes a legally binding contract.

12. Herman relied upon the terms of contract.

13. Stryk has breached the contract by not paying Herman the full amount of Severance and the Health Reimbursement due.

14. Stryk has breached the contract by failing to withhold all standard deductions.

15. Herman has sustained damages as a result of Stryk's breach of contract in the form of the unpaid Severance and Health Reimbursement, and damages incurred as a consequence of failure to take required tax withholdings.

WHEREFORE, Counterclaim Plaintiff Ronald Jacob Herman demands judgment against Counterclaim Defendant Stryk Group USA LLC, in the amount of $23,000.00, plus an amount to be determined pertaining to the failure to take tax withholdings, plus, interest; costs; and such other relief that this Court deems appropriate.

/S/ Andrew S. Abramson, Esq
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Ronald Jacob Herman

Dated: March 15, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March 2022, a true and correct copy of the foregoing was served upon the below listed counsel via email and USPS Priority Mail.

>Zachary E. Nahass, Esq.
>  email: znahass@cgalaw.com
>CGA Law Firm, P.C.
>135 North George Street
>York, PA 17401

>/S/ Andrew S. Abramson, Esq
>_____
>Andrew S. Abramson, Esq.

# EXHIBIT "1"

DocuSign Envelope ID: F1C8EA9C-6B7F-4168-802C-5744658EF76E

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Feb 11 2022 05:10PM
Ricci M. Dehl

## SEPARATION AGREEMENT AND WAIVER AND RELEASE OF ALL CLAIMS

This Separation Agreement and Waiver and Release of All Claims (hereinafter "Agreement") is entered into by and between Ronald Herman and Stryk Group USA, LLC ("Ronald Herman" and "Stryk Group USA" may be referred to as "the Parties").

Stryk Group USA and Ronald Herman agree as follows:

1. The purpose of this Agreement is to amicably conclude the relationship that existed between Stryk Group USA and Ronald Herman. Stryk Group USA thanks Ronald Herman for his service and wishes him well in his future endeavors.

CI-22-00854

2. Ronald Herman understands and acknowledges that his involvement with Stryk Group USA will end effective February 12, 2021. Stryk Group USA will pay Ronald Herman all accrued but not yet paid salary through the date of termination, minus any federal or state deductions. Stryk Group USA's payment of the amounts described in this paragraph shall be paid to Ronald Herman regardless of Ronald Herman's execution of this Agreement. Ronald Herman acknowledges that he has reported all workplace injuries and illnesses to Stryk Group USA and that he has been given all the leave to which he is entitled under the law.

3. This Agreement terminates and supersedes any and all written or verbal agreements between Stryk Group USA and Ronald Herman, including but not limited to all prior or written agreements or understandings between Ronald Herman and Stryk Group USA concerning Ronald Herman's involvement or the termination of involvement, including but not limited to any prior agreements. This Agreement completely terminates any and all claims, rights, and demands of any and every kind whatsoever, both known and unknown, foreseeable and not foreseeable, that Ronald Herman may have against Stryk Group USA, Stryk Group USA's related companies, subsidiaries, predecessors, successors, parents, and any related entities, and its members, and its and their past, present, and future members, shareholders, insurers, agents, servants, directors, officers, employees, and attorneys, including but not limited to any claims, rights, or demands arising from the relationship or the termination of that relationship. In return for Ronald Herman's waiver and release of all claims, this Agreement provides Ronald Herman valuable consideration to which he otherwise would not be entitled.

4. In exchange for the waiver and release of all claims set forth below and the other promises and representations made by Ronald Herman in this Agreement, Stryk Group USA will (1) pay Ronald Herman $10,000 per month, less all applicable federal and state deductions, and (2) reimburse Ronald Herman up to $500 for health insurance premiums, for an initial term of six (6) months beginning March 1, 2021. This agreement shall automatically renew for additional six (6) month terms unless terminated by either party by written notice no less than 30 days prior to the termination of the current term. Payment of this amount shall be made on normal payroll dates. Ronald Herman expressly recognizes the sufficiency of all the consideration described above.

5. Ronald Herman understands and agrees that Stryk Group USA will withhold all standard deductions (to the extent applicable) from the amounts described in paragraphs 2 and 4. Ronald Herman understands and agrees that he retains full and complete responsibility for any taxes, penalties, and assessments of any kind which may become due in connection with any payment referred to in this Agreement.

_RH_
RH

- 1 -

DocuSign Envelope ID: F1C8EA9C-6B7F-4168-802C-5744658EF76E

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Feb 11 2022 05:10PM
Ricci M. Dehl

6. In exchange for the consideration described in paragraph 4 above, Ronald Herman waives and releases and forever discharges Stryk Group USA and Stryk Group USA's related companies, subsidiaries, predecessors, successors, parents, and any related entities, and its members, and its and their past, present, and future members, shareholders, insurers, agents, servants, directors, officers, employees, and attorneys (hereinafter referred to as "the Released Entities"), from any and all rights, claims, actions, or causes of action of whatever kind or character, both known and unknown, foreseeable and unforeseeable, that he may have against Stryk Group USA and/or Released Entities, including but not limited to any rights, claims, actions, or causes of action arising out of, connected with, or in any way related to his involvement with Stryk Group USA or the termination of that involvement, including any claims arising under any contract or under any federal, state, or local law or regulation. Ronald Herman waives these claims on behalf of himself and anyone making a claim through him. Ronald Herman agrees that he will not bring any court actions of any kind against Stryk Group USA or the Released Entities for any claim waived or released in this Agreement, and he warrants that he has not filed any such court or administrative agency actions or proceedings against Stryk Group USA or the Released Entities to date. To the extent any local, state, or federal agency takes any action on Ronald Herman's behalf, Ronald Herman expressly waives the right to any recovery from any such action, and he agrees not to accept any compensation or other relief or remedy obtained on his behalf. Nothing in this Agreement is intended to interfere with Ronald Herman's rights under federal, state, or local law to file or institute a charge of discrimination, participate in any such agency proceeding, or cooperate in any investigation by any such agency, and any such action by Ronald Herman shall not constitute a breach of the confidentiality provision expressed in this Agreement, provided that Ronald Herman agrees that he is waiving the right to any monetary recovery as a result of any charge, agency proceeding, or investigation.

7. This waiver and release includes, among other things, any rights or claims, known or unknown, foreseeable and unforeseeable, that Ronald Herman may have that arose prior to the date this Agreement was executed. The claims waived and discharged include without limitation:

(a) Employment discrimination, harassment, and/or retaliation claims arising under any federal, state, or local statutes including without limitation the following, as amended: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Civil Rights Acts of 1866 and 1871, 42 U.S.C. § 1981; the Americans With Disabilities Act of 1990, 42 U.S.C. § 12100, *et seq.*; the Civil Rights Act of 1991; the Equal Pay Act of 1963, 29 U.S.C. § 206; the Lilly Ledbetter Fair Pay Act of 2009; the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.*; the Occupational Safety and Health Act ("OSHA"), 29 U.S.C.;

(b) Wage claims, including but not limited to any claims for back wages, vacation leave, sick leave, bonuses, expenses, or other benefits of any nature or kind;

(c) Claims arising under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, as amended; Ronald Herman Retirement Income Security Act of 1974 ("ERISA"), as amended and revised, 29 U.S.C. § 1001, *et seq.*; and the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*, as amended;

(d) Wrongful discharge or breach of contract claims;

(e) Tort claims, and/or claims of invasion of privacy, defamation, false light, fraud, and

DocuSign Envelope ID: F1C8EA9C-6B7F-4168-802C-5744858EF76E

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Feb 11 2022 05:10PM
Ricci M. Dehl

CI-22-00854

negligent or intentional infliction of emotional distress;

(f) Any contractual or quasi-contractual claim and any other claim whatsoever arising under any local, state, or federal law or regulation or arising under any legal theory or doctrine; and

(g) Any claims arising under the U.S. Constitution; the Constitution of the State of Pennsylvania; and the constitutions of all other states.

8. This waiver and release also includes any rights or claims, known or unknown, Ronald Herman may have for age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, arising before Ronald Herman's execution of this Agreement and any state or local age discrimination statute.

9. Ronald Herman agrees to hold in strict confidence and not to disclose to anyone any of Stryk Group USA's "Confidential Information." "Confidential Information" means any and all data and information relating to Stryk Group USA and their respective activities, business, members or employees that (i) was disclosed to Ronald Herman or of which Ronald Herman became aware as a consequence of his involvement; (ii) has value to Stryk Group USA; and (iii) is not generally known outside of Stryk Group USA. Confidential Information shall include, but is not limited to, all information in spoken, printed, electronic, or any other form or medium, relating directly or indirectly to: business processes, practices, methods, policies, plans, publications, documents, research, operations, services, strategies, techniques, agreements, contracts, terms of agreements, transactions, potential transactions, negotiations, pending negotiations, know-how, trade secrets, computer programs, computer software, applications, operating systems, software design, web design, work-in-process, databases, device configurations, embedded data, compilations, metadata, technologies, manuals, records, articles, systems, material, sources of material, supplier information, vendor information, financial information, results, accounting information, accounting records, legal information, marketing information, advertising information, pricing information, credit information, design information, payroll information, staffing information, personnel information, employee lists, supplier lists, vendor lists, developments, reports, internal controls, security procedures, graphics, drawings, sketches, market studies, sales information, revenue, costs, formulae, notes, communications, algorithms, product plans, designs, styles, models, ideas, audiovisual programs, inventions, unpublished patent applications, original works of authorship, discoveries, experimental processes, experimental results, specifications, customer information, customer lists, client information, client lists, manufacturing information, factory lists, distributor lists, and buyer lists, of Stryk Group USA or its businesses or any existing or prospective customer, supplier, investor, or other associated third party, or of any other person or entity that has entrusted information to Stryk Group USA in confidence.

10. Ronald Herman agrees and warrants that he has not retained or destroyed (except as set forth below), and has returned to Stryk Group USA, any and all property and documents of Stryk Group USA that is in his possession or subject to his control, including, but not limited to, keys, credit and identification cards, personal items or equipment, files and information, papers, notes, manuals, policies, procedures, plans, records, handbooks, devices, emails, documents, diskettes, CDs, tapes, records, recordings, passwords, access cards, identification cards, computers, mobile devices, cellular telephones, tablets, other electronic media, all other files and documents relating to Stryk Group USA and its activities, personnel or business (regardless of form, but specifically including all electronic files and data of Stryk

- 3 -


RH

DocuSign Envelope ID: F1C8EA9C-6B7F-4168-802C-5744658EF76E

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Feb 11 2022 05:10PM
Ricci M. Dehl

Group USA), together with all Confidential Information belonging to Stryk Group USA or that Ronald Herman received from or through his involvement. Ronald Herman agrees and warrants that he has destroyed any copies (electronic or otherwise) of any such information or property and has not made, distributed, or retained copies of any such information or property.

11. Ronald Herman promises and agrees that he and/or Allison Spika will not disparage in any way or make, post, or publish any negative or unfavorable statement (whether written or oral) to any person or entity whatsoever with respect to Stryk Group USA, including any such statement with respect to the work, workplace, work environment, leadership, product, or operations.

CI-22-00854

12. Ronald Herman promises and agrees that he will not, directly or indirectly, call upon, contact, solicit, contract with, or enter into any agreement with, divert or attract, or attempt to do so, or do or accept business with any current customer or client or prospect of Stryk Group USA for a period of one year after the signing of this agreement.

13. This Agreement is binding on Ronald Herman and his heirs, administrators, and representatives, executors, successors, and assigns.

14. Ronald Herman agrees to indemnify and hold Stryk Group USA and all Released Entities harmless from and against all loss, cost, damage, or expense, including but not limited to attorney's fees and costs, incurred by Stryk Group USA or any Released Entities arising out of any breach of this Agreement.

15. This Agreement shall be governed by and construed in accordance with the laws of the State of Pennsylvania. Such construction shall be made without regard to the authorship of this Agreement.

16. The provisions of this Agreement are severable. If any provision, or portion thereof, is held by a final judgment of a court of competent jurisdiction to be invalid or unenforceable, that provision, or portion thereof, shall be deemed severed from this Agreement, and the remaining provisions of this Agreement shall retain their full force and effect.

17. This Agreement sets out the entire agreement between Ronald Herman and Stryk Group USA.

18. Ronald Herman understands and agrees that this Agreement is not to be considered an admission in any way whatsoever of any wrongdoing by, or any liability of, Stryk Group USA or the Released Entities.

19. Ronald Herman states that he is of sound mind and is not under the influence of any medication, alcohol, or any substance which would impair any right or ability to read or understand this Agreement. He further states that he has carefully read and fully understands all the provisions of this Agreement.

20. Ronald Herman acknowledges that he has not been influenced to sign this Agreement by any statement or representation by Stryk Group USA or the Released Entities not contained in this Agreement. The Parties agree that Ronald Herman's execution of this Agreement and ~~his~~ waiver and

**ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Feb 11 2022 05:10PM
Ricci M. Dehl**

release of all rights and claims are done in exchange for consideration in addition to what he is already entitled.

21. If Ronald Herman wishes to voluntarily enter into this Agreement, he will sign and date in the space indicated below, initial each page in the space provided on each page (including the signature page), and return the signed Agreement to Stryk Group USA within thirty (30) calendar days of the day first written above.

STRYK GROUP USA, LLC

*Charles Myers*

By: Charles Myers

Date: 2/15/2021

AND

*Ronald Herman*

Ronald Herman

Date: 2/15/2021

CI-22-00854

-5-

RH